UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | ) |
| ROBERT J. TASILLO, | ) CASE NO. 14-21683 |
| DEBTOR. | ) |
| GREGORY W. PIECUCH, ESQ., | ) CHAPTER 13 |
| MOVANT, | ) |
| v. | ) RE: ECF NO. 26 |
| ROBERT J. TASILLO, | ) |
| RESPONDENT. | ) |

**BRIEF MEMORANDUM AND ORDER GRANTING MOTION
FOR DECLARATORY JUDGMENT**

This Brief Memorandum and Order revisits the question of whether the automatic stay of Bankruptcy Code Section 362(a) (hereinafter, the "Automatic Stay") precludes a Committee of Sale duly appointed by the Connecticut Superior Court[1] to conduct a foreclosure sale of property of a debtor to seek and be paid its costs and fees from a non-debtor plaintiff in a state court foreclosure action against the debtor during the pendency of the debtor's bankruptcy case. The question was raised by the filing of a *Motion for Relief*

---

[1] The Committee of Sale was appointed by the Superior Court at Hartford on May 19, 2014 to conduct the foreclosure sale of property known as 30 Woodland Street, Unit 4F, Hartford, Connecticut in a case filed by CT Tax Liens 2, LLC (hereinafter, "CT Tax Liens") against the Debtor, Robert J. Tasillo (hereinafter, the "Debtor") and styled *CT Tax Liens 2, LLC v. Tasillo, et al*, Docket No. HHD-CV-12-6035369-S (hereinafter, the "State Court Foreclosure Case"). The foreclosure sale was scheduled to be held on August 30, 2014. However, on August 25, 2014, the Debtor commenced this bankruptcy case by filing a petition for relief under Chapter 13 of the Bankruptcy Code.

*from the Automatic Stay or Motion to Determine That the Automatic Stay Does Not Apply* (hereinafter, the "Motion")[2], ECF No. 26, by Gregory W. Piecuch, Esq., the Committee of Sale, as a result of a recent decision, *Equity One, Inc. v. Shivers*, 150 Conn. App. 745, 753-56 (2014), wherein Connecticut's Appellate Court determined that the Automatic Stay precludes the Superior Court from acting upon a Committee for Sale's fee request. In the State Court Foreclosure Case, the Superior Court, citing the Appellate Court decision in *Shivers*, denied Committee for Sale's motion for committee fees and expenses.

In 2012, the undersigned judge in *In re VMC Real Estate, LLC*, 2012 WL 836724 (Bankr. D. Conn. 2012) adopted the analysis and holding of United States Bankruptcy Judge Alan H. W. Shiff in *In re Rubenstein*, 105 B.R. 198 (Bankr.D. Conn.1989)[3] that the Automatic Stay does not operate to bar a Committee of Sale from seeking its fees and costs from a non-debtor foreclosure plaintiff[4]. In *VMC,* the undersigned judge summarized *Rubenstein* as follows:

> In *In re Rubenstein*, 105 B. R. 198 (Bankr. D.Conn.1989), the Committee there sought a declaratory judgment from the bankruptcy court that it was not barred by the automatic stay from proceeding in state court to collect its fees and costs because it was seeking payment from the creditor that instituted the foreclosure by sale rather than from the debtor. The creditor argued that the stay was applicable because under state law and under the terms of the debtor's mortgage, the debtor was ultimately liable for the creditor's costs of foreclosure. Conn. Gen.Stat. § 49–7. The bankruptcy court found, however, that because of the automatic stay, the debtor was not

---

[2]No written objections to the Motion were filed. A hearing on the Motion, upon notice, was held before this Court on December 11, 2014 at which no party other than the Committee, through counsel, appeared.

[3]United States Bankruptcy Judge Shiff's thorough analysis in *Rubenstein is* incorporated in its entirety herein. *See also In Re Danise*, 112 B.R. 492, 494, fn 2 (Bankr. D. Conn. 1990)(Shiff, J.).

[4] It is not clear whether any of the parties in *Shivers* or the Committee for Sale in the State Court Foreclosure Case, cited to the Connecticut Appellate Court, or the Superior Court, respectively, the decisions of the Bankruptcy Court in *Rubenstein* and/or *VMC*.

>  automatically bound by any judgment against the creditor and that in any case, the allowance of fees and costs are subject to independent review by the bankruptcy court and subject to its evaluation as to their reasonableness. Thus, the court ruled that the stay was inapplicable and the committee was free to seek an order for its fees and costs from the state court.
>
>  The Court agrees with the analysis and holding in *Rubenstein*, and on the very similar facts present here, holds that the order entered by the Connecticut Superior Court directing OFA to pay the Committee Fees and Expenses was not in violation of the automatic stay.

*In re VMC Real Estate, LLC*, 2012 WL 836724, *2 .

In light of *Shivers,* and with due respect to the Connecticut Appellate Court's decision therein, the undersigned judge has revisited and carefully reexamined the Bankruptcy Court's prior determinations in *Rubenstein* and *VMC*. Upon such reconsideration, the Court remains convinced that *Rubenstein* and *VMC* were correctly decided.

### ORDER

Accordingly, and in light of the above,

**IT IS HEREBY ORDERED** that the *Motion to Determine that the Automatic Stay Does Not Apply,* ECF No. 26, is **GRANTED**, and

**IT IS FURTHER ORDERED** that a declaratory judgment shall enter in favor of the Committee of Sale that the Automatic Stay of Bankruptcy Code §362(a) does not operate to bar or preclude it from seeking fees and costs from the non-debtor plaintiff, CT Tax Liens, in the State Court Foreclosure Case.

Dated: January 5, 2015                                                                                           BY THE COURT



Albert S. Dabrowski
United States Bankruptcy Judge